IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY S. JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:07cv478 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Gary S. Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson was convicted of retaliation on January 26, 2000, in Cherokee County, Texas, receiving a sentence of ten years in prison. He says that the arrest was unlawful, his plea of guilty was unlawfully induced and involuntary, and was made without an understanding of the nature of the charges and the consequences of the plea. However, Johnson offers no facts in support of any of his grounds for relief.

After review of the petition, the Magistrate Judge issued a Report on October 12, 2007, recommending that the petition be dismissed. The Magistrate Judge observed that this is the third federal habeas corpus petition which Johnson has filed concerning this same conviction. The first of these was Johnson v. Director, TDCJ-CID, docket no, 6:02cv564, which was dismissed because of the expiration of the statute of limitations. The second was Johnson v. Director, TDCJ-CID, civil action no. 6:06cv517, which was dismissed because Johnson had failed to secure leave from the Fifth Circuit to file a successive petition.

The Magistrate Judge stated that under 28 U.S.C. §2244(b)(3), before a second or successive application for the writ of habeas corpus may be entertained by the district court, the applicant must obtain an order from the appropriate court of appeals authorizing the district court to consider the application. In this case, the Magistrate Judge said, Johnson made no showing that he had obtained such an order from the Fifth Circuit Court of Appeals, nor that he had even attempted to do so. Consequently, the Magistrate Judge concluded, the district court lacked jurisdiction to consider Johnson's petition.

Johnson received a copy of the Magistrate Judge's Report on October 17, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon Johnson's obtaining permission from the Fifth Circuit Court of Appeals to file a successive petition. Johnson may not refile his petition in the district court without obtaining such permission. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of November, 2007.**

2

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE